| | |
|---|---|
| 100 | 45 |
| f100 | 126 |
| 100 | 45 |
| 102 | 833 |
| 100 | 45 |
| 104 | 44 |

# Richmond.

## WATTS v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

### December 5, 1901.

1. DEMURRER TO EVIDENCE—*Rule of Decision.*—On a demurrer to the evidence, the demurrant admits the truth of his adversary's evidence, and all just inferences that a jury could properly draw therefrom, and waives all of his own evidence in conflict with that of the demurree, and all inferences therefrom, although not in conflict with the evidence of the demurree, which do not necessarily flow therefrom.

2. NEGLIGENCE—*Proximate Cause—Case at Bar—Horse Frightened by One Obstruction, Runs and Strikes Another Obstruction.*—Proximate cause, as a legal term, does not necessarily imply closeness or nearness in point of time, or physical sequence of events, but rather closeness or nearness in casual connection. In the case at bar, a collision with a telephone pole near the center of a road caused the plaintiff's horse to run away and collide with a second pole near the side of the road, causing the injury complained of.

    Held: The first pole was the natural and proximate cause of the accident.

3. ROAD LAW—*Opening or Changing—Special Law for Amherst County.*— Chapter 43 of the Code, so far as it relates to altering the location of an old road, or the establishment of a new road, is still in force in Amherst county, and is not affected by the special road law passed for that county. Acts 1891-2, p. 877.

4. ROADS—*Jurisdiction of County Courts—Obstruction—Power of Supervisor.*—County courts alone have jurisdiction to alter the location of old roads, or establish new ones, and until an old road has been altered or discontinued as prescribed by law, the public has the right to continue to use it. Supervisors have no power to consent to the obstruction of a public road.

5. TELEGRAPH AND TELEPHONE COMPANIES—*Use of State and County Roads.*—The right given by section 1287 of the Code to telegraph and telephone companies to construct, maintain and operate their lines along any of the State or county roads is expressly qualified

by the provision that the ordinary use of such roads is not to be thereby obstructed.

6. CONTRIBUTORY NEGLIGENCE—*Burden of Proof.*—Contributory negligence is a matter of defence. The law does not presume it, and the burden of proving it rests upon the defendant, unless the plaintiff's evidence develops it, in which event the burden is shifted.

7. PUBLIC ROADS—*Safe Condition—Presumption—Use at Night.*—Every one has the right to presume that a public highway is in a reasonably safe condition, and may travel upon it the darkest night, when in fact he is practically a blind man.

Error to a judgment of the Circuit Court of Amherst county rendered June 13, 1900, in an action of trespass on the case wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*William Beasley* and *Caskie & Coleman*, for the plaintiff in error.

*George H. Fearons* and *Blackford, Horsley & Blackford*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action was brought by J. Ashby Watts against the Southern Bell Telephone and Telegraph Company to recover damages for personal injuries sustained by him from an accident, the proximate cause of which was the alleged unlawful obstruction of a public road along which the plaintiff was driving, by the defendant planting one of its poles therein.

At the trial, after the evidence of both sides was closed, the defendant demurred to the evidence, in which demurrer the plaintiff joined, and thereupon the jury returned a verdict for the plaintiff for $1,000 damages, subject to the opinion of the court on the demurrer to the evidence.

The trial court sustained the demurrer, and rendered judg-

ment for the defendant, and the case is here upon a writ of error to that judgment.

While opposing theories are propounded by the evidence of the plaintiff and defendant respectively, the case must be governed by the rule applicable to a demurrer to evidence, which is: that the demurrant admits the truth of his adversary's evidence and all just inferences which the jury could have properly drawn therefrom, and waives all of his own evidence in conflict therewith, and all inferences from his own evidence, although not in conflict therewith, which do not necessarily result therefrom. *Johnson* v. *C. & O. R. Co.*, 91 Va. 171.

Subjected to these drastic limitations, the record presents the following case:

On the night of March 15, 1898, the plaintiff, who had been attending an opera in the city of Lynchburg, was returning to his home in Amherst county, driving a one-horse wagon, and accompanied by two women. The night was intensely dark, and the shaft or hub of the vehicle came in contact with a telephone pole of the defendant, which had been planted by it eighteen feet from the eastern margin, and nearly in the center of the road. This collision frightened the plaintiff's horse, which became unmanageable and ran away, causing the wagon to collide with another telephone pole of the defendant on the margin of the highway further on. The result was that the plaintiff was thrown violently from the vehicle and his ankle broken.

On account of the impenetrable darkness, the plaintiff did not and could not see the pole in question until his vehicle struck it.

The question of determining what is the proximate cause of accident in a given case is not infrequently a difficult one. It does not, as a legal term, necessarily imply closeness or nearness in point of time, or physical sequence of events, but rather closeness or nearness in casual connection. Watson on Dam. for Personal Injuries, 26.

In this case, it will be observed that the immediate cause of the disaster was the second pole, which was lawfully placed on the side of the highway, and not the first pole which was unlawfully planted therein. Nevertheless, the latter was palpably the natural and proximate cause of the accident, because, but for the collision with it, the accident would not have occurred.

This principle is illustrated by the case of *Donohue* v. *Warren* (Wis.), 70 N. W. 305, in which it appeared that the plaintiff, accompanied by his coachman, was driving along the highway in the nighttime. Suddenly the right wheels dropped into a ditch, the driver being thrown from his seat and losing control of his horses. The animals, becoming excited, began to run, the vehicle soon falling into a ditch in the roadway, whereby the plaintiff was thrown out and injured. The nearest or immediate cause was the second ditch, but it was held that the legally proximate cause was the first ditch. The intervening events, it was said, of the driver being thrown from the carriage, his losing control of the horses, their becoming frightened and running away, were all but "links which tied the final result back to the first acting cause." See also *Deisenrieter* v. *Kraus-Merkel Malting Co.* (Wis.), 72 N. W. 735.

The theory of the defendant is that the road, in the center of which it had placed its pole, had been abandoned, and a new road provided by the Board of Supervisors at that point, by the purchase of a strip of land along the western margin of what is known as the old road, and that the pole in question was placed in the old road with the knowledge and consent of a member of the Board of Supervisors. The court's attention was also called to a special road law applicable to the county of Amherst. It is not pretended that the location of the old road was altered in the manner prescribed by chapter 43 of the Code, so as to operate a discontinuance of it at the place of the accident. And the evidence for the plaintiff is that, in consequence of the fact that the grade of the old road was better, and the road-bed

firmer than that of the new road, it was more used by the travelling public, and a large portion of the tobacco and other produce of that section of the county was hauled over it to the city of Lynchburg.

The special road law referred to constitutes the supervisors a road board to provide for the working and keeping in repair the public roads of the county. Acts of 1891-2, page 877. But it does not affect the general road law, as contained in chapter 43 of the Code, in relation to altering the location of an old road, or of establishing a new road, of which subjects the county courts alone have original jurisdiction.

Section 1287 of the Code, it is true, authorizes telegraph and telephone companies to construct, maintian, and operate their lines along any of the State or county roads, but it expressly provides that the ordinary use of such roads is not to be thereby obstructed.

The case is unaffected by the circumstance that the evidence adduced on behalf of the defendant is in serious conflict with that of the plaintiff. Upon the demurrer to the evidence it is of no avail, and must be disregarded by the court. Nor does the fact that the pole was placed in the road with the knowledge and consent of a member of the Board of Supervisors, interpose any valid defence. The supervisor had no authority to authorize the defendant to do the unlawful act of so placing its pole in the public highway as to obstruct the ordinary use of the road.

There is a suggestion, merely, that the plaintiff was guilty of contributory negligence. But contributory negligence is a matter of defence, the law does not presume it, and the burden of proving it rests upon the defendant, unless the plaintiff's evidence develops it, in which event the burden would be shifted to him. *Southern Rwy. Co.* v. *Bruce*, 97 Va. 92. There is no evidence, however, of any contributory negligence on the part of the plaintiff. He testifies that he did not know that he was approaching the pole, and did not see it, on account of the

darkness, until his vehicle struck it.   He had a lawful right, notwithstanding the darkness of the night, to travel the highway.

In the recent case of *Marshall* v. *Valley R. R. Co.*, 97 Va. 653, 658, this court quotes with approval the following language from the opinion of the court in the case of *Harris* v. *Uebelhoer*, 75 N. Y. 175: "A public highway may be used in the darkest night, a night so dark as that the keenest and clearest vision might not be able to detect obstacles and defects.   In such case any man travelling upon it is practically a blind man"; and adds, "and has a right to presume that the highway is in a reasonably safe condition."

Regarding the case, as this court must do, in the light of the principles applicable to a demurrer to evidence, there is no escape from the conclusion that the plaintiff is entitled to recover.

For these reasons the judgment complained of must be reversed and annulled, and a judgment will be entered here in behalf of the plaintiff for the amount of damages awarded by the jury, with interest and costs.

*Reversed.*