## HELENA GAS COMPANY *v.* ROGERS.

Opinion delivered March 20, 1911.

1. NEGLIGENCE—STREETS—DUTY AS TO KEEPING IN REPAIR.—An instruction which made it the absolute duty of one who makes an excavation in a street to keep and maintain such excavation in a proper and safe condition is erroneous. (Page 417.)

2. SAME—LEAVING EXCAVATION IN STREET.—Whether it was negligence to dig a hole in a street, cover it with boards and leave it for five days without attention is a question for the jury. (Page 417.)

3. DEATH—ELEMENTS OF DAMAGE.—Sorrow caused by the death of her husband and loss of his companionship are not elements of damage to be recovered by the wife. (Page 418.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; reversed.

### STATEMENT BY THE COURT.

This is a suit by the administrator for damages for the benefit of the widow and next of kin and the estate of E. M. Burns, deceased, for his wrongful death, caused, it was alleged, by the negligence of the Helena Gas Company. The negligence complained of was the digging of a post hole 24 inches in diameter and six feet deep, at a point near the northeast corner of Cherry and Perry streets, in the city of Helena, in which to place a pole for the stringing of its wires and the distribution of electricity in said city, and negligently and carelessly permitting it to remain open, unguarded, unprotected and in a dangerous condition for persons using said Cherry and Perry streets and failing to place over and around such excavation such warning as would give notice of the dangerous condition of the street.

The Gas Company denied every allegation of the complaint; denied any negligence upon its part or any liability to the plaintiff; admitted making the excavation "within the curb on the north side of Perry Street east of its intersection with Cherry Street," and that said excavation was made at the direction of the city, and under the supervision of the city engineer, for the pur-

pose of placing a pole therein on which wire was to be stretched for lighting the city; denied that the excavation was made in the street; alleged that it was within the curb and at a place safely removed from where there was traveling on horseback or otherwise; denied that it negligently and carelessly permitted said hole to remain open, unguarded and unprotected and in a dangerous condition, and, on the contrary, says that the same was covered with boards two inches in thickness and in the most secure manner possible.

The testimony tended to show that E. M. Burns was riding horseback north along Cherry Street in the city of Helena on the afternoon of August 26, 1909, on his way home to dinner. After he had crossed Perry Street and at a place in the street upon which he was riding opposite a blacksmith shop, the side of the street next to same being somewhat obstructed by vehicles left there for repairs, a negro boy, driving a wagon south, suddenly pulled his horse toward Burns, and the shaft struck the left flank of the horse ridden by him, scaring him, and he bolted to the right and ran across the corner of the sidewalk and fell into the hole dug by said company, which was only partly covered by a 1x6 board, throwing his rider violently to the sidewalk, his head striking same and fracturing the skull, from which injury he died the next day, after much pain and suffering.

The hole was on the outside of the paved part of the sidewalk and between it and the curb on Perry Street at its intersection with Cherry Street. The streets and sidewalk at this place were about on a level. The hole was dug by the Helena Gas Company under the supervision of the city engineer, and when finished covered with some old boards about two inches thick, from an old bridge nearby. About five days thereafter the injury occurred, and there was no testimony showing any further care or attention upon the part of the company to guard or keep covered the excavation, which was shown to have been uncovered and open several times after it was made.

The court gave, over defendant's objection, the following instruction No. 4, and refused to give requested instruction for it No. 2 as follows:

"IV.   You are furthermore instructed that one who makes an excavation either in or adjacent to a public street can not

avoid· liability to one who is injured by falling into same, by showing that it was left in a safe and proper condition for a time. It is the duty of one making such excavation to keep and maintain it in a proper and safe condition from the time it is made until it is restored to its condition prior to the making of the same.

"II. You are instructed that, under the law, the defendant had a right to place its poles on the streets of the city of Helena, and make all reasonable excavations therefor under the direction of proper officers of said city. And if you believe and find from the testimony that the excavation which is alleged to have been the proximate cause of the injury complained of was made at the place designated by the proper officers of said city, then such excavation was a lawful act on the part of the defendant, and the only duty incumbent on the defendant in making such excavation was to use ordinary care to prevent any injury liable to result therefrom. And you are further instructed that the ordinary care which the law enjoins upon every person in the discharge of a lawful act is that degree of care which an ordinarily prudent person would exercise under a like situation and circumstances; and if you believe from the testimony that the defendant, in excavating and covering the hole alleged to have caused the injury complained of, used ordinary care as defined in this instruction, then your verdict must be for the defendant."

The jury returned a verdict for $5,000 on the first count of the complaint and $2,500 on the second in favor of plaintiff, and from the judgment rendered thereon this appeal is brought.

*S. H. Mann, Moore & Vineyard, Norton & Hughes,* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. In removing the pole, the gas company was simply the agent of the city, and a city is not liable for injuries occasioned by defective streets. 49 Ark. 139; 4 S. W. 450; 52 Ark. 84; 12 S. W. 157; 73 Ark. 447; 84 S. W. 480; 74 Ark. 519; 86 S. W. 295.

2. From the nature and place of the excavation, the purpose for which and the authority under which it was made, the appellant was not required to use more than ordinary care. 61 Ark. 141; 32 S. W. 500; 79 Ark. 490; 86 Ark. 36, 45. The effect of the fourth instruction given at appellee's request was to make

appellant an insurer of the safety of persons passing along the streets by this excavation. 1 S. W. 865, 869; 9 N. E. 155; 56 Pac. 141. A municipality is not an insurer of the safety of persons who go upon its streets. In the construction of public ways, it is bound only to the use of ordinary care, skill and diligence, and is only required to keep them in a reasonably safe condition. 61 Ark. 141; 95 N. W. 1084; 72 N. E. 531; 73 N. E. 481; 120 Ill. 607; 86 Pac. 264; 67 Atl. 175; 81 N. E. 594; 59 S. E. 992; 132 Ill. App. 604; 119 S. W. 1084; 32 App. D. C. 32; 116 N. Y. 657; 123 S. W. 249. The licensee of a municipality does not owe to the public any higher duty, nor incur any greater liability, than would the city itself under the same circumstances, 69 Atl. 636.

The duty to insure the safety of persons in the use of public streets and highways arises only in those cases where the excavation, obstruction or other defective condition is, in its nature, a nuisance due to some act done wrongfully and without authority or done or omitted in violation of a statute or some municipal ordinance. 113 N. W. 1081; 36 Pac. 411; 2 S. W. 417; 97 Pac. 881; 114 N. W. 57; 37 Pac. 220; 46 S. E. 565; 83 Pac. 271; 39 S. W. 884.

2. It was error to instruct the jury that in estimating the pecuniary loss to the widow on account of the death of her husband it was "proper to take into consideration the care and attention that one of his character and disposition would be expected to give to his wife." Loss of companionship is not an element of damages. Kirby's Dig. § § 6289, 6290, 6288; 57 Ark. 306, 315; 33 Ark. 350; 36 Ark. 41; 13 Cyc. 371; 81 S. W. 645; 88 S. W. 515; 9 So. 335; 52 N. W. 840; 30 N. J. L. 188; 16 S. W. 924; 87 S. W. 328; 93 Ind. 523; 72 S. W. 967; 48 Fed. 57; 3 Current Law 1038 and note 84; 5 *Id.* 948 and note 56; Cooley on Torts (2 ed.) 321 and note 3; *Id.* 322; 3 Sutherland on Damages (1 ed.) 281-284.

*P. R. Andrews,* for appellee.

1. Appellant cannot escape liability on the ground that the excavation was made for the convenience of the city of Helena and under the supervision of the city engineer. That does not relieve it from the consequences of its own negligence. 79 Ark. 490, 496. A city cannot justify against a nuisance created by

its officers, nor can any one justify against a nuisance created under a license from the city.   Wood on Nuisance (2 ed.) § 274.

2.   The fourth instruction declares the law.   54 Ark. 131; 50 N. Y. 659; 1 McArthur, 626; 19 Mo. 192.   One whose active agency has brought about a dangerous condition in a street is bound to take cognizance of his own wrongful or negligent act. 56 Ark. 132; 54 Ark. 131; 68 Ark. 291.   It is immaterial what caused the horse's fright and caused it to run away; appellant is nevertheless liable if its own negligence was one of the concurring proximate causes of appellee's intestate's injury.   86 Ark. 36.

KIRBY, J., (after stating the facts).   I.   It is contended that said instruction No. 4 given to the jury was not a correct statement of the law, in that it made the appellant an insurer of the safety of persons using the streets and sidewalks of the city near the excavation by requiring said company "to keep and maintain it in a proper and safe condition" until it was restored to the condition existing prior to its having been made.   The appellant had the right to make the excavation for the post necessary to be used in the stringing of its wires and distributing the electricity to light the city at the place designated therefor, and was only bound to the exercise of ordinary care in guarding same, to protect persons using the streets and sidewalks from harm and damage on account of it.   *St. Louis S. W. Ry. Co.* v. *Aven,* 61 Ark. 131, 32 S. W. 500; *Strange* v. *Bodcaw Lumber Co.,* 79 Ark. 490; *Pugh* v. *Texarkana Light & Traction Co.,* 86 Ark. 36.

If the words, "to use ordinary care," had been inserted in the second sentence of said instruction, after the word, "excavation," making it read, "It is the duty of one making such excavation *to use ordinary care* to keep and maintain it in a proper and safe condition from the time it is made, etc," it would have given the jury the correct rule of the care required by law of appellant for the protection of the public in the use of the streets and sidewalks.   As to whether the digging of the hole and covering it with the boards as indicated, when finished, and leaving it there for five days without any further care and attention to keep it covered or otherwise guarded, was the exercise of ordinary care to which it was bound was the question for the jury

which should have been submitted upon proper instructions. Instruction No. 2 asked by appellant should have been given.

II.   Sorrow caused by the death and the loss of companionship of a husband and happiness found in his love and kind and affectionate treatment of his wife are not elements of damage under our statute, and testimony relating thereto should not have been introduced on the trial.

For the errors indicated the judgment is reversed, and the cause remanded for a new trial.