# Richmond.

## CITY GAS COMPANY OF NORFOLK v. LAWRENCE.

### March 16, 1916.

### Absent, Keith, P.

1. GAS—*Nuisance—Negligence—Cutting Hole in Floor—Proximate Injury—Repairs.*—If a gas company enters a building, not by agreement with the owner thereof, but in the exercise of a right given it by law as a public service corporation, and, for the purpose of repairing or improving its works, cuts a hole in the floor, it is the duty of the company to restore the floor to the safe condition it was in before the hole was cut, and this duty continues until such restoration is made, and for an injury proximately resulting from a breach thereof the company is liable.

2. INDEPENDENT CONTRACTORS—*Liability for Negligence.*—An independent contractor is liable for an injury proximately resulting from his negligence where the work has not been completed and *accepted* by the owner.

3. PROXIMATE CAUSE—*Lapse of Time—Causal Relation.*—Proximate cause does not necessarily imply closeness or nearness in point of time or physical sequence of events, but rather closeness or nearness in point of causal connection.

4. NEGLIGENCE—*Foreseeable Consequences—Proximate Cause.*—If the effect of a negligent act was reasonably to have been foreseen, and was, in the usual course of events, likely to follow from the cause, the person putting such causes in motion will, in the absence of an intervening cause producing the injury, be responsible for such injury.

5. NUISANCE—*Joint Liability.*—The primary author of a nuisance cannot escape liability for its consequence by showing that some other person was also liable therefor.

Error to a judgment of the Court of Law and Equity of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Walter H. Taylor, H. W. Anderson* and *A. D. Christian,* for the plaintiff in error.

*Geo. C. Cabell* and *Jeffries & Jeffries,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The plaintiff, Margaret Lawrence, brought this action to recover of the defendant gas company damages for injuries alleged to have been suffered in consequence of its negligence.

It appears that the plaintiff had been staying for several days prior to the accident with her brother and his wife, who occupied the second floor of an apartment house in the city of Norfolk. She left the house for the first time since she had entered it on the night of July 8, 1913, and upon her return, about ten o'clock, she stepped upon some planks covering a hole in the vestibule, between the storm door and the inside door, which gave way, and she was precipitated into the hole, thereby inflicting very serious injuries from which she may never entirely recover.

The hole had been cut about one month before the accident by employees of the defendant for the purpose of repairing its gas works by putting in larger pipes, in response to a notice that the gas was inadequate. The hole was large enough to admit a man's body and about five feet deep. The evidence tends to show that after the defendant had completed the repair or enlargement of its gas pipes, it replaced the planks which had been cut from the floor in such a negligent and wholly inadequate way as to create a nuisance, a dangerous trap that was likely to cause damage to anyone entering the vestibule who was ignorant of its existence. The brother of the plaintiff and his family knew of the dangerous condition of this place in the

vestibule to the building, and always avoided it. They had not, however, mentioned it to the plaintiff, and she went out the evening of the accident in total ignorance of the existence of the concealed danger in her path.

Upon the evidence adduced the jury found for the plaintiff, and the court gave judgment accordingly.

That the case was fairly submitted to the jury and no objection made to the admission of evidence or to the *quantum* of damages, is not questioned. The defendant company, in its petition for a writ of error, states its single assignment of error as follows: "The error assigned in this case is that the court below erred in overruling the motion of the defendant to set aside the verdict of the jury on the ground that it was contrary to the law and the evidence, in that the evidence fails to disclose any negligence on the part of the defendant company which was the proximate cause of the plaintiff's injury, and fails to disclose any legal duty on the part of the defendant to the plaintiff which could be the cause of action in this case." The defendant then adds this concession: "It is conceded that if the plaintiff had fallen into the hole cut by the City Gas Company, while the City Gas Company was working on the premises, or had fallen into the hole immediately after the City Gas Company had finished the work, and before the owner or occupant could have made the vestibule safe, the City Gas Company would be responsible. If such had been the facts, the case would have been within the doctrine that the law imposes on a person engaged in the prosecution of any work an obligation to perform it in such a manner as not to endanger the lives or persons of others."

It does not appear who was the owner of the property. So far as the record shows the defendant company alone exercised any control of the premises. It entered the same of its own volition and cut the hole in the vestibule for its own benefit, and is presumed to have left it in its unsafe condition for some reason of its own. The work done by the company upon its

appliances for conducting gas into the building was not under any agreement with the owner, but in the exercise of a right which the law gave the company as a public service corporation to enter premises, either public or private, for the maintenance or repair of its works. Hence its duty to restore the vestibule to the safe condition it was in before the hole therein was cut.

As said by the Supreme Court of Arkansas in *Helena Gas Co.* v. *Rogers,* 98 Ark. 413, 135 S. W. 904, "It is the duty of one making such excavation to use ordinary care to keep and maintain it in a proper and safe condition from the time it is made until it is restored to its condition prior to the making of same."

It is properly conceded, as stated in the petition, that immediately after it had finished the work the defendant company owed a duty to the plaintiff, which did not grow out of contract, but was imposed by law. This being so, when did that duty cease to exist? We are of opinion that it continued to exist, in the instant case, until the defendant discharged such duty by restoring the vestibule to the safe condition it was in prior to cutting the hole. *Helena Gas Co.* v. *Rogers, supra.* It is a significant fact that the defendant manifested its continued relation to the work by putting the vestibule in safe condition the next day after the accident.

The law applicable to the questions arising here is well stated in *Hicks* v. *Smith,* 158 App. Div. (N. Y.) 303, 143 N. Y. Supp. 139, as follows: "It is the duty of any person making repairs in a common hallway or passageway, or street, or place where people are lawfully traveling, to take reasonable precautions against accidents. The defendant, Johnson, seeks to relieve himself from the consequences of this rule by pointing out that there were no contractual relations between himself and the plaintiff, but this duty to be careful does not grow out of a contractual relation: it arises from that basic and necessary regulation of civilization which forbids any person, because of his own convenience, to recklessly, heedlessly or

carelessly injure another. Nobody is permitted by the law to create with impunity a stumbling block, a trap, a snare, or a pitfall, for the feet of those rightfully proceeding on their way."

This is not a case involving the relative duties of contractor and contractee. The gas company does not appear to have had any contractual relations with any one. It was acting in pursuance of its right to repair its own works in its own way. The cases cited in behalf of the defendant involve the duty of an independent contractor, and the doctrine in such cases that, where the work has been completed and accepted by the owner, the contractor is no longer liable, is invoked as a ground for the release of the defendant in the instant case from liability. The record is barren of any evidence containing a suggestion that the defendant occupied the relation of an independent contractor to the transaction under consideration. If, however, the doctrine of independent contractor applied, it could not avail the defendant, for the reason that there is not a word of evidence in the record that its work was ever *accepted* by any one, which would be essential before the defendant, as an independent contractor, could claim exemption from liability.

There is no merit in the contention that the negligence of the defendant, in leaving the hole it had cut in the vestibule as a hidden danger to the unwary, was not the proximate cause of the injuries sustained by the plaintiff. The record shows that the hole was in the same condition when the accident happened that it was when left by the employees of the defendant. There is no evidence to show that there had been any intervening agency to alter or in any way to affect the situation. It is argued that there was no duty owing to the plaintiff by the defendant, and that if any duty existed in the beginning, the fact that the danger had existed for thirty days prior to the accident released the defendant from all liability. The lapse of time between the negligent act and the injury does not, in this case, affect the liability of the defendant. Proximate cause

does not necessarily imply closeness or nearness in point of time or physical sequence of events, but rather closeness or nearness in point of causal connection.  *Watts* v. *So. Bell Tel. Co.,* 100 Va. 45, 40 S. E. 107.  If the lapse of time had served to break the causal connection, there might have been some ground for the claim of the defendant for release from liability.  As already seen, however, there was not only a lack of evidence of the existence of an intervening cause, but there was positive and direct evidence to the contrary.

If the effect of a negligent act was reasonably to have been foreseen, and was in the usual course of events likely to follow from the cause, the person putting such causes in motion will, in the absence of an intervening cause producing the injury, be responsible for such injury.  The defendant knew, or ought to have known, that people had to use the vestibule to get in and out of the house.  It also knew that the hole as cut and left was dangerous to any one entering the vestibule, and that any one so entering was likely to be injured.  Under such circumstances, the defendant cannot escape liability because the danger had existed for thirty days before the injurious result happened.

It is suggested that it was the duty of the owner of the premises to repair the defective floor, and that he was negligent toward persons using the vestibule in not seeing that it was made safe.  As to the liability, if any, that the owner was under to the plaintiff, we express no opinion, such liability not being an issue before us.  If such liability existed, it would in no way affect that of the defendant, who was the primary author of the nuisance and is liable for the consequences flowing from it. If both were liable, the plaintiff had the right to demand redress from either or both.

We are of opinion that there is no error in the judgment complained of, and it is affirmed.

*Affirmed.*