**FRANK M. DORSEY & SONS, INC.,**
**Plaintiff,**

v.

**Bernard Lyon FRISHMAN, Defendant**
**and Third-Party Plaintiff,**

v.

**Arthur PREVILL, Third-Party Defendant.**

**Civ. A. No. 667–65.**

United States District Court
District of Columbia.

Oct. 4, 1968.

Erwin A. Alpern, Washington, D. C., for defendant and third-party plaintiff.

Gerald W. Farquhar, Washington, D. C., for third-party defendant.

## OPINION

HOLTZOFF, District Judge.

The Court has before it a claim for damages against an engineer for negligence in the preparation of plans for an air conditioning system that, it is claimed, did not operate properly.

The claim is asserted by a third-party complaint. The facts are as follows. A building at 1430 K Street, in the city of Washington, was being constructed under a contract with M. Cladney Construction Company as the principal contractor. The owners of the building were a group of individuals, one of whom was the defendant and third-party plaintiff, Bernard Frishman. He is an architect by profession and was also the architect of the building. Frishman hired Previll, the third-party defendant, an engineer who specialized in air conditioning apparatus, to prepare the plans for the air conditioning system. Previll was an employee of Frishman and worked in his office. In addition to doing Frishman's work he also carried on a business of his own.

It is claimed that the plans prepared by Previll were inadequate, inoperative and defective, and that the air conditioning system installed was inadequate and did not fulfill what was required. The evidence shows that Frishman decided, either in his capacity as architect or in his capacity as part owner, that certain changes should be made in the air conditioning system, and assumed liability for the cost of making the alterations. He engaged the plaintiff, Frank M. Dorsey & Sons, Incorporated, to make the necessary changes.

The plaintiff later brought suit to foreclose a mechanic's lien, and also to recover from the owners of the building of whom Frishman was one, the amount due it for the work ordered by Frishman. Frishman settled the case by paying the amount asserted to be due, namely, the sum of over $19,000. Consequently, the principal case has been disposed of. Frishman asserted a third-party claim against Previll for damages for negli-

gence in preparing defective plans. This third-party claim is now before the Court for adjudication.

■ It is not denied that Frishman retained Previll to prepare the plans for the air conditioning system, and that Previll did so. Those plans were modified and Previll approved the modifications. An air conditioning system was then installed. It departed from both the original and revised plans. There is a dispute, for example, whether it was necessary to subdivide the air conditioning apparatus on each floor into three zones, or whether a single zone was sufficient. The dispute appears to be more or less academic, because the plaintiff's expert witness, Herbert Arey, admitted that the shop drawings which the plaintiff has introduced in evidence, and which were later revised, did show three zones. Even a layman, by examining those plans, can observe the designations: zone 1, zone 2, zone 3. The system actually installed contained pumps that were located in the penthouse, whereas the specifications and the drawings called for them to be on the first floor.

The evidence showed that the system actually installed did not operate properly and that certain changes were necessary, which Mr. Frishman ordered. There is not sufficient showing, however, that the original plans, which were not followed, or the revised plans, which also were not followed in detail, would not have been satisfactory. There is no evidence that the defects were not due to the departure from the plans. There is no showing that the third-party defendant was guilty of any negligence or lack of due care, or failure to comply with the prevailing standards in his profession.

■■ This brings us to the question what rule should be applied to the liability of an architect or an engineer to his principal. A professional man is not a guarantor of his work. For example, a physician is not liable for damages if he fails to cure his patient. A lawyer is not liable for damages if he fails to win his case. A professional man is under an obligation to use due care and also to comply with the standards prevailing in his area and followed by other members of the same profession in the same specialty. In other words, he is liable only for negligence.

This principle has been frequently applied to physicians and surgeons. A succinct statement of this doctrine is found in an opinion of the Court of Appeals in Rodgers v. Lawson, 83 U.S.App. D.C. 281, at 282, 170 F.2d 157, 158, where Stephens, J. wrote:

"The principles of law governing malpractice actions are well settled. A physician 'must exercise that degree of care and skill ordinarily exercised by the profession in his own or similar localities.' * * * The burden of proof is upon a plaintiff to establish by substantial evidence departure from that standard and that such departure caused the injury complained of."

In Christie v. Callahan, 75 App.D.C. 133, 136, 124 F.2d 825, 828, the Court said:

"The physician is not an insurer of health. He undertakes only for the standard of skill possessed generally by others practicing in his field, and for the care which they would give in similar circumstances. He must have latitude for play of reasonable judgment, and this includes room for not too obvious or gross errors according to the prevailing practice of his craft."

The latest expression of the Court of Appeals to the same effect is found in the recent case of Kosberg v. Washington Hospital Center, D.C.Cir., 394 F.2d 947.

■ No reason is perceived why the same principle should not apply to members of other professions, such as engineers and architects. The Court is of the opinion that an engineer or architect should be held liable only for negligence, that is a lack of due care or failure to comply with the standards generally prevailing in his craft or profession in the area in which he practices.

There appear to be no reported decisions in this jurisdiction involving liability of architects or engineers. This may be because cases of that type appear to be rare in this area. The principle that architects and engineers are liable only for negligence and are not guarantors, was applied by the Supreme Court of Appeals of Virginia, in Surf Realty Corp. v. Standing, 195 Va. 431, 78 S.E. 2d 901.

The Court is of the opinion and finds that no negligence on the part of the third-party defendant has been shown and that, therefore, the third-party complaint should be dismissed on the merits.

The third-party defendant asserts a counterclaim against the third-party plaintiff for compensation due him for work performed by him for the third-party plaintiff. The third-party defendant claims that the two men entered into a contract whereby the third-party defendant was to receive $150 a week and in addition a reasonable portion of any fees earned by the third-party plaintiff if the third-party defendant participated in the work. The fee to be received by the third-party defendant in each instance was to be subject to negotiation. This circumstance makes the agreement unenforcible insofar as the division of fees is concerned.

It is admitted that the weekly payments were made. With commendable candor, counsel for the third-party defendant concedes that the contract is too indefinite to be enforced, but claims that the defendant is entitled to be paid on a *quantum meruit* basis. The Court concludes that the *quantum meruit* basis is not sufficiently established. There is no testimony as to the exact work done by the third-party defendant, or the time spent, or any of the other details that would form a basis for establishing compensation. There is not sufficient evidence as to what was the value of engineering service of the type involved.

The Court is of the opinion that the counterclaim has not been established and so rules.

There is one other observation that the Court might make. Counsel for the third-party defendant contends that the third-party claim may not be maintained under the circumstances, in view of the fact that Frishman, of his own accord, volunteered to assume liability to the contractor and, therefore, is not in a position to claim indemnity. Inasmuch as the Court is disposing of the third-party complaint on the merits, it is not necessary to pass on this procedural objection.