Harry C. GRAVELY, Appellant,

v.

The PROVIDENCE PARTNERSHIP, a
corporation, Appellee.

No. 76–1686.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 13, 1977.

Decided Feb. 23, 1977.

Jackson L. Kiser, Martinsville, Va.
(Young, Kiser, Haskins & Mann, Martins-
ville, Va., on brief), for appellant.

Murray H. Wright, Richmond, Va.
(McGuire, Woods & Battle, Richmond, Va.,
on brief), for appellee.

Before BRYAN, Senior Circuit Judge,
and RUSSELL and WIDENER, Circuit
Judges.

ALBERT V. BRYAN, Senior Circuit
Judge:

The problem here is the responsibility of
an architect to a hotel guest in Virginia
injured in a fall on the spiral stairway in his
suite of rooms, allegedly caused by fault in
the architect's design of the stairway and
the adjacent area and in his supervision of
its construction. The complaint in the
guest's action against the architect here
declared both in negligence and in warran-
ty.

Holding that under the law of Virginia
no such warranty was *implied* in the obliga-

tion of the architect either to the hotel owner-employer or to the public, and as none was *expressed* in the architect's agreement, the District Judge declined to submit the warranty count to the jury, but sent the case to them on the negligence claim only. Also denied were the plaintiff's motions to set aside the verdict for the defendant because it was returned under errors in admission of evidence and in instructions, and for a new trial. On appeal we approve these rulings.

The movements of the plaintiff, Harry C. Gravely, and the arrangement of the stairway with its appurtenances on the occasion of his fall, are described in this stipulation of the parties:

"Plaintiff and wife arrived as guests at [the hotel] on September 28, 1973. They were furnished accommodations in a newly constructed duplex unit that had been in use since April 1, 1973. The duplex contained two floor levels . . . . The fall in question occurred between the hours of 2:00 a.m. and 3:00 a.m. on September 29th. Prior to the fall Plaintiff had not used the upstairs bathroom, nor had he opened the door thereto. He was aware of its general location because his wife had been using the facility. Prior to the accident, he had gone up and down the stairs twice earlier in the afternoon; and, he had ascended the stairs for bed at approximately 11:30 to 12:30. Plaintiff went to sleep and was awakened a couple of hours later by a need to go to the bathroom. He made his way to the bathroom door without incident. He grasped the doorknob with his left hand and attempted to push the door inward, the manner in which he was accustomed. Upon finding that the door opened the other way, the Plaintiff moved back and encountered difficulty or restriction because of obstacles to his left. Plaintiff realized that he had to open the door further to get around it. He then reached for the light switch to the right of the door and at the same time moved backward, pulling and opening the door toward him with his left hand. He then recalls feeling something hard and cold on his feet, at which time he fell."

As the defendant architect, The Providence Partnership, is a Rhode Island corporation doing business there, and plaintiff a citizen of Virginia, resident in its Western District, the Federal court there was exercising its diversity jurisdiction. Thus the law of Virginia governs the resolution of the issues of warranty and negligence.

I.

The scope of responsibility presently imputed to the architect under the asserted warranty is two-fold: the plaintiff assails the design and the supervision of the construction. There is no fault laid to the integrity of the structure itself.

The Virginia doctrine on the common obligation of architects is expounded in *Surf Realty Corp. v. Standing*, 195 Va. 431, 78 S.E.2d 901, 907 (1953). These are the pertinent pronouncements of the Court:

"An architect, in the *preparation of plans and drawings*, owes to his employer the duty to exercise his skill and ability, his judgment and taste reasonably and without neglect. * * *

"In his contract of employment he implies that he possesses the necessary competency and ability, to enable him to furnish plans and specifications prepared with a reasonable degree of technical skill. He *must possess and exercise the care of those ordinarily skilled in the business* and, in the absence of a special agreement, he is not liable for fault in construction resulting from defects in the plans because he does not imply or guarantee a perfect plan or a satisfactory result. * * *" (Accent added.)

Likewise, the ordinary engagement to *supervise* does not rise to the force of a warranty; the architect is only "charged with the duty to exercise reasonable care, technical skill and ability in the performance of his contract". *Willner v. Woodward*, 201 Va. 104, 109 S.E.2d 132, 134 (1959); *see* Annot., 25 A.L.R.2d 1085 (1952) and decisions cited. No want of the defendant in

professional accomplishments has been established.

The law of Virginia respecting an architect's liability for negligence represents the majority view. *See* Note, "Liability of Design Professionals—The Necessity of Fault," 58 Iowa L.Rev. 1221, 1234 (1973); Annot., 25 A.L.R.2d 1085 (1952). Further, the duty of care owed by an architect in his execution of designs and supervision of construction is generally the same standard imposed upon other professionals rendering services, such as doctors and lawyers. *See Frank M. Dorsey & Sons v. Frishman*, 291 F.Supp. 794, 796 (D.D.C.1968).

Plaintiff's requested jury instruction upon implied warranty was refused because it was not appropriate under the complaint and evidence here.[1] It was not pleaded nor proved that the defendant-architect held himself out as specially qualified for a particular job, nor that he and his employer had entered into a "special agreement" by which the architect undertook to "imply or guarantee a perfect plan or satisfactory result. . . ." Lacking this background, as here, the negligence criterion of reasonable care and diligence gauges the liability in Virginia of an architect. *Surf Realty Corp. v. Standing*, supra, 195 Va. 431, 78 S.E.2d at 907, 908. It follows that the warranty claim was not submissible to the jury.

## II.

■ Even if there were a *warranty* of expertness, it would not be actionable by the plaintiff, for it would not run to the public generally but only to the architect's employer. This absence of mutuality we know as want of privity of contract. As an indispensable premise of suit, it was invoked by this Court in *C. W. Regan, Inc. v.*

*Parsons, Brinckerhoff, Quade & Douglas,* 411 F.2d 1379, 1386 (4 Cir. 1969). Citing *General Bronze Corp. v. Kostopulos,* 203 Va. 66, 122 S.E.2d 548 (1961), the Court announced:

> "Recovery for negligent breach of warranty on behalf of one not a party to the agreement is contrary to the law of Virginia as it stood when the rights of these parties were fixed on March 7, 1962."

This intimation that the prerequisite of privity may *no longer* obtain is grounded on the amendment since *Regan* of a related Virginia statute, Va.Code Ann. § 8–654.4 (1966). This section now dispenses with the demands of privity in suits for injury "resulting from negligence". The privity factor is also dispensed with in suits brought under Article 2 of the Uniform Commercial Code, Va.Code Ann. § 8.2–318 (1964). However, neither of these provisions alters the rule demanding privity of contract in warranty actions against architects. Hence the plaintiff was entitled to go to the jury solely on the count of negligence in design and supervision.

## III.

■ In the trial of this issue, the plaintiff took exception to the admission of certain evidence. He argues error, first, in the reception of testimony upon the number of persons who, without mishap, used the stairway and the immediately adjacent area in each of the 11 identical hotel units during the period from their construction on April 1, 1973 until just before the trial in March 1976.[2] Apparently the trial judge believed the testimony to be "relevant evidence" in the endeavor to rebut the claimant's experts' opinion that the situs of the fall was inherently dangerous. FRE 401. Appellant maintains, however, that neither the

---

1. This was the tendered instruction: The Court instructs the jury, that an architect who plans, designs and supervises construction work impliedly warrants to all persons within the expectable environment of intended use that the premises will be reasonably safe and suitable for the purposes intended. And if you believe from the evidence that the Providence Partnership breached said warranty because its design

created an inherent danger not reasonably apparent to the plaintiff under all of the circumstances prevailing, then you shall find your verdict for the plaintiff.

2. According to testimony based on hotel records, there were "1895 people registered in those suites for a total of 3,227 nights."

Federal Rules of Evidence, which had become effective in 1975, nor decisional precedent, although divided, permits use of this evidence.[3] In the circumstances here we do not believe that a "substantial right" of the plaintiff was "affected" by the acceptance of this proof, and accordingly, decline to find error in the District Court ruling. FRE 103(a).

■ Somewhat akin is the admission, over plaintiff's objection, of the testimony of defendant's witness Wachter, president of the manufacturer of the spiral staircase in suit. He was allowed to express the opinion that the degree of safety of spiral and conventional stairways was relatively equal. The complaint in this action animadverted upon the security of spirals, and plaintiff's expert witnesses questioned their safety. Wachter's evidence bore upon that issue. FRE 401.

We weigh Wachter's qualifications as well justifying an opinion. His experience with stairway construction embraced some 26 years. He cited prevalent success in the use of these spiral structures alone and with doors opening outward over the stair platforms. FRE 701. The discretion accorded the trial judge in the admission of such proof was not trenched upon here. *See Krizak v. W. C. Brooks & Sons,* 320 F.2d 37, 42 (4 Cir. 1963).

Upon these conclusions the judgment on appeal will be sustained.

Affirmed.

---

**3.** *See* Annot., 31 A.L.R.2d 190 (1953), for a discussion of the admissability of evidence of absence of other accidents.