GILLESPIE, Chief Justice,
for the Court:
ON PETITION FOR REHEARING
The petition for rehearing is sustained and the previous opinion of this Court is withdrawn and the following substituted as the opinion of the Court.
Suit was filed in the Chancery Court of Panola County by Ronnie P. and Walter J. Cook, d/b/a C. & C. Erectors (hereinafter Complainants), against William A. and Raymond Dudley Clark (hereinafter Clark), Citizens Savings & Loan Association (hereinafter Citizens), and Taylor Lumber Company, Inc. (hereinafter Taylor). After complainants rested their case the trial court sustained a motion to exclude the evidence and dismissed the case.
Complainants entered into a contract with Clark to furnish labor and materials in the construction of a pre-engineered steel building on his lot for the sum of $8,800. For the purpose of financing the construction on the lot where the building was to be located, Clark executed a deed of trust on the real estate in favor of J. H. Hogan, Trustee for Citizens. This deed of trust was duly placed of record in the chancery clerk’s office. After Complainants completed the construction of the building, they requested J. H. Hogan, Vice President and Executive Officer of Citizens, for payment pursuant to the contract. Hogan, as Citizens’ agent, issued a check payable to Clark and Complainants for $5,000 as partial payment on the contract price. Citizens also paid to Clark one payment of $4,000 and another of $4,500. At the time these two payments, totaling $8,500, were made to Clark, Hogan did not obtain from Clark any accounting as to what use was to be made of this money, nor is there anything in the record to indicate that anyone on behalf of Citizens made any inquiry of Clark as to whether the labor and materials has been paid, although Citizens made the loan for the specific purpose of paying for the construction of the building. No further payments were made by anyone to Complainants and at the time of trial there was a balance due under the construction contract of $4,240, plus interest from September 10, 1973, the completion date of the contract, at the statutory rate of six percent.
Thereafter, J. H. Hogan, as Trustee for Citizens, foreclosed the deed of trust. Taylor bought the property for $23,272.78, which was paid in cash to the Trustee. At the time of the foreclosure sale and purchase by Taylor of the subject property, both Citizens and Taylor knew that Complainants had not been paid for the labor and materials used in the construction of the building on the property in question. Complainants’ contract with Clark was not placed of record until after the foreclosure.
Complainants contend that they are entitled to judgment against Citizens because it paid out the construction loan proceeds without using reasonable care to see that the money went to discharge the liens for labor and material, and against Taylor because it purchased the property under the foreclosure deed of trust with knowledge of Complainants’ lien.
Did the failure of Citizens to use reasonable diligence to see that the proceeds of the construction loan were used to pay for materials or other costs of construction render it liable to Complainants?
On motion to exclude all testimony favorable to complainant is taken as true. We state the facts in this light. Citizens made a construction loan. It paid out $8,500 of this money direct to Raymond Dudley Clark without taking any precautions to see that *372 he applied the money to discharge liens for labor and materials, of which Citizens had actual knowledge. As a lender paying out construction funds, Citizens should have used reasonable diligence to see that the funds were actually used in payment of materials or other costs of construction. Southern Life Insurance Co. v. Pollard Appliance Co., 247 Miss. 211, 150 So.2d 416 (1963). Citizens totally failed to discharge its duty in disbursing the loan proceeds. It caused the deed of trust to be foreclosed, and now holds the funds realized from the foreclosure sale, funds to which Complainants’ lien attaches. Complainants’ evidence showed that Citizens is liable to Complainants in the sum of $4,240.
The trial court dismissed the bill of complaint on a motion to exclude the evidence and Citizens has not had an opportunity to present its defense. Therefore, the judgment of the trial court is reversed for the reasons above stated and the cause is remanded for a full hearing on the merits.
REVERSED AND REMANDED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.