## CIRCUIT COURT OF FAIRFAX COUNTY

Richard Crenshaw et al.

v.

Union Trust Co. of Maryland

Case No. (Law) 82449

David Lee et al.

v.

Union Trust Co. of Maryland

Case No. (Law) 82450

Rich J. Keebaugh et al.

v.

Union Trust Co. of Maryland

Case No. (Law) 82476

Marvin Rosenbluth et al.

v.

Union Trust Co. of Maryland

Case No. (Law) 82521

28

Danilo Lee et al.

 v.

Union Trust Co. of Maryland

 Case No. (Law) 82523

Richard Larkin et al.

 v.

Union Trust Co. of Maryland

 Case No. (Law) 82525

George Banks et al.

 v.

Union Trust Co. of Maryland

 Case No. (Law) 82526

Dennis Rice et al.

 v.

Union Trust Co. of Maryland

 Case No. (Law) 82692

 November 16, 1988

By JUDGE MICHAEL P. McWEENY

These matters are before the Court on the Demurrer of Defendant Union Trust Company of Maryland (Union Trust) to the actions filed by the above-named Plaintiffs. The motions for judgment initiating each case contain identical allegations except with respect to the amount of claimed damages. The demurrer was argued before this Court on November 4, 1988. For the reasons set forth below the demurrer is sustained as to the motions for judgment filed by each of the plaintiffs.

Plaintiffs are joint owners of certain single family residences located in Fairfax County, in a subdivision known as "Charlestown Riding" (the subdivision) which was originally developed by defendant Browns Mill Development Corporation (BMDC). Union Trust was to provide the construct financing to BMDC for acquisition and development of the subdivision. Plaintiffs entered into separate contracts with BMDC for the construction and sale of a home in the subdivision. BMDC defaulted on its construction loan agreement with Union Trust and with its real estate purchase contracts with the plaintiffs. Plaintiffs were required to complete construction of their homes and to satisfy certain mechanics liens filed against the property their homes were constructed on.

The motion for judgment is in three counts, Count I is seeking relief only against BMDC and its principals. In Count II, relief is sought against Union Trust on the grounds that plaintiffs are third party beneficiaries of the Loan Agreement between BMDC and Union Trust. Count III asserts that Union Trust is liable in tort for wrongful disbursement of the construction loan funds.

Count I moves this Court to enter judgment against defendants BMDC and Jeffery and Fereshteh Sneider, jointly and severally for the respective damages claimed by plaintiffs. Count I does not state a claim against, nor seek relief from Union Trust. For these reasons, Union Trust's demurrer to Count I of the motions for judgment is sustained.

At common law, one not a party to a contract did not have standing to sue for breach of contract. Virginia

Code Section 55-22[1] modified this common law bar to allow non-parties to sue under an instrument. The Court's ruling on the demurrer to Count II is predicated upon the application of the two rules Virginia courts have followed when construing this statute.

In *Radosevic v. Virginia Intermont College*, 651 F. Supp. 1037 (W.D. Va. 1987), the Court set forth the first rule to be applied when it stated that:

> Judicial interpretation of statutes providing for third party beneficiary suits distinguishes between incidental beneficiaries and intended beneficiaries with only the latter having standing to sue. These two terms are antithetical by definition: an incidental beneficiary is so far removed from the obligations assumed by the contracting parties that a court will not allow him to sue on that contract whereas an intended beneficiary is such an integral part of the obligations assumed by the contracting parties that a court will permit him to sue on that contract.

651 F. Supp. at 1038

The *Radosevic* court in recognizing that Virginia courts also differentiate between incidental and. intended beneficiaries, set forth the established principle that "in order for a third party beneficiary to qualify as an intended beneficiary, he must demonstrate that the contracting parties clearly and definitely intended to directly benefit him." *Radosevic, supra,* at 1038, *citing*

---

[1] Section 55-22. When a person not a party, etc., may take or sue under instrument. - An immediate estate or interest in or the benefit of a condition respecting any estate may be taken by a person under an instrument, although he be not a party thereto; and if a covenant or promise made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him to the party making such covenant or promise. In such action the covenantor or the promisor shall be permitted to make all defenses he may have, not only against the covenantee or promisee, but against such beneficiary as well.

*Norfolk Portsmouth Newspapers, Inc. v. Stott*, 208 Va. 228, 156 S.E.2d 610 (1967), and *Padgett v. Bon Air Realty Co.*, 150 Va. 841, 143 S.E. 291 (1928).

Paragraph 29 of plaintiffs motion for judgment states that "Under the circumstances here existing, the Plaintiffs were clearly and definitely intended to be benefited by ·the loan agreement and deeds of trust between BMDC, Jeffery Sneider and Fereshteh Sneider as borrowers and Union Trust as lender." For purposes of this demurrer the allegations of plaintiffs motion for judgment are taken as true.

However, plaintiffs have failed to set forth any factual basis upon which the Court can conclude that they are intended beneficiaries of the contract, between Union Trust and BMDC. The Court finds no allegations of facts in plaintiffs motion for judgment that would sustain plaintiffs contention that they were "clearly and definitely intended" to benefit from the Union Trust -- BMDC loan agreement and deed of trust.

The second rule requires the Court to undertake a direct examination of the loan agreement and deed of trust between Union Trust and BMDC. *Radosevic* states that "Virginia law also indicates that the four corners of a contract evidence whether contracting parties clearly and definitely intended to directly benefit a third party." *Radosevic*, 651 F. Supp. at 1039, *citing Obenshain v. Halliday*, 504 F. Supp. 946 (E.D. Va. 1980); *Richmond Shopping Center, Inc. v. Wiley N. Jackson Co.*, 220 Va. 135, 255 S.E.2d 528 (1979).

Plaintiffs allege that provisions of the contract between Union Trust and BMDC required Union Trust to assume a supervisory role in the construction of the subdivision for plaintiffs ultimate benefit. This contention is not supported by the pleadings before this Court. Union Trust contracted with BMDC to provide financing for the subdivision not to act as the developer and/or general contractor for the subdivision. For the same reason plaintiffs contention that Union Trust was obligated to take over and complete the subdivision is not supported by any language in the contract. Union Trust was not required to complete the subdivision. The language of the loan agreement and deed of trust simply provided Union Trust with the discretion to do so.

Plaintiffs have failed to set forth any contract provisions or allegations of fact upon which the Court could conclude that plaintiffs were intended beneficiaries of the contract between Union Trust and BMDC. The four corners of the underlying contract do not demonstrate that Union Trust clearly and definitely intended to directly benefit plaintiffs. The Court cannot find any basis in law or fact upon which to further extend or form a new exception to the law governing the right of a non-party to a contract to sue for breach of that contract. The Court concludes that plaintiffs do not have standing to sue for breach of the contract between Union Trust and BMDC. Accordingly, the Court sustains Union Trust's demurrer to Count II of plaintiffs motion for judgment.

Count III alleges that Union Trust wrongfully administered and disbursed the construction loan funds to BMDC. Plaintiffs Memorandum in Opposition to this demurrer sets forth two questions which they believe must be answered before the Court can rule on the demurrer to Count III. The first is whether a cause of action for wrongful disbursement can be maintained in Virginia. The second question is whether such a cause of action can be extended to one not in a direct contractual relationship with the lender.

Plaintiffs state that Judge Bach's decision in *Kirkpatrick v. First American Title Ins. Co., et al*, Law No. 61548, and *Smith v. First American Title Ins. Co., et al;*, Law No. 59820, require the first question to be answered in the affirmative. Assuming, *arguendo* that this is true the Court must now turn to the second question.

The resolution of this second question turns on whether plaintiffs can assert a third party beneficiary status in order to maintain their cause of action for wrongful disbursement. The direct contractual relationship on the construction loan agreement was between BMDC and Union Trust, plaintiffs are not included as direct parties. The cases which Judge Bach cited in the *Kirkpatrick* and *Smith*

opinions,[3] with the exception of *Cooke*, are readily distinguishable as all addressed the lender's liability when they were in privity of contract with the plaintiff. The courts found liability based on this contractual relationship and the duty that flows from it. No such contractual relationship exists in the present case. The Courts opinion on plaintiffs third party beneficiary claims also precludes them from successfully asserting this theory to maintain their cause of action for wrongful disbursement of the construction loan funds.

The court concludes that in the absence of a showing of a contractual relationship, whether it be by privity of contract or a third party beneficiary theory of recovery, no cause of action will lie against the lender of construction funds by a third party. For these reasons Union Trust's demurrer to Count III of the motion for judgment is sustained.

[3] Prudential Insurance Company of America v. Executives Estates Inc., 369 N.E.2d 117 (Ind. 1977); Fikes v. First Federal Savings and Loan Association of Anchorage, 533 P.2d 251 (Alaska 1975); MSM Corp. v. Kuntson, 167 N.W.2d 66 (Minn. 1969), and Bollinger v. Livingston State Bank and Trust, 187 So. 2d 784 (La. 1966), in addition to the case of Cooke v. Citizens Savings and Loan Association, 346 So. 2d 370 (Miss. 1977).