## CIRCUIT COURT OF FAIRFAX COUNTY

Robert Smolinski et ux.

v.

Dorsey et al.

June 19, 1990

Case No. (Law) 90766

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on defendant Paramount Termite Control Company's demurrers to Counts V and VI of plaintiffs Robert and Mary Smolinski's second amended motion for judgment. After reviewing the pleadings, the arguments of counsel at the hearing, and the relevant case law, I have decided to deny both demurrers.

The pertinent facts are as follows. The Smolinskis, through a real estate agent, purchased a home from the defendant Dorsey. As a condition of financing, the Smolinskis' lender required that Dorsey provide a written termite inspection report from a qualified pest control company. Dorsey hired Paramount, who inspected the house and provided a written statement on July 14, 1988, four days before settlement. The report, addressed to both Dorsey and the Smolinskis, stated that there was no termite infestation or damage. Upon moving in, however, the Smolinskis discovered that the den of the house was both termite infested and water damaged, rendering it unlivable. The present suit followed.

Count V of the Smolinskis' second amended motion for judgment alleges that Paramount breached its contract

with Dorsey by failing to discover the termite infestation. Paramount's demurrer argues that the Smolinskis lack standing to bring such a breach of contract claim because the contract between Paramount and Dorsey shows no clear and definite intent to make the home buyers (the Smolinskis) a third-party beneficiary.

Section 55-22 of the Virginia Code specifically allows third-party beneficiaries to sue for breach of contract. *See* Va. Code Ann. § 55-22 (1986). This section, however, has been limited by the courts to mean that "[a] clear intent to benefit the third person must appear to enable him to sue on the contract; incidental beneficiaries cannot maintain an action thereon." *Valley Landscape Co., Inc. v. Rolland*, 218 Va. 257, 260, 237 S.E.2d 120, 122 (1977) (*quoting N.-P. Newspapers v. Stott*, 208 Va. 228, 231, 156 S.E.2d 610, 612 (1967)). That is, "the third party must show that the parties to the contract clearly and definitely intended it to confer a benefit upon him . . . ." *Id.* at 259 (*quoting Professional Realty v. Bender*, 216 Va. 737, 739, 222 S.E.2d 810, 812 (1976)).

Count V of the Smolinskis' second amended motion for judgment alleges that the inspection report by Paramount was addressed to both Dorsey and the Smolinskis. Count V also alleges that Paramount knew its inspection report would be relied upon by the Smolinskis and their lender in deciding whether to buy/finance the house. It further alleges that the Smolinskis were the definite and clearly intended third-party beneficiaries of the contract.

When the relationship between these parties is examined, as was done by the *Valley Landscape* court, it is clear that there is an unusual relationship between a termite inspector and home buyers and sellers. A pre-purchase termite inspection is standard practice, and it can be argued that the inspection and report is made more for the benefit of the home buyer than the seller. The seller, Dorsey, knew that this contract was largely for the Smolinskis' benefit. Furthermore, the Smolinskis have pleaded that the inspection report was addressed to both Dorsey and themselves. It is therefore a reasonable inference to this well-pleaded fact that Paramount knew the Smolinskis were a third-party relying on this report. The facts as pleaded and the reasonable inferences drawn from them show that the parties to the contract intended it

to confer a benefit upon a third-party, the Smolinskis. The demurrer to Count V is therefore denied.

Count VI of the second amended motion for judgment alleges that Paramount breached its duty to the Smolinskis by negligently and carelessly inspecting the house for termite infestation and damage. Paramount's demurrer, citing *Radosevic v. Virginia Intermont College*, 651 F. Supp. 1037 (W.D. Va. 1987), claims that it owes no statutory or common law duty toward the Smolinskis.

The issue of whether a third-party beneficiary of a contract can bring a tort claim for injuries resulting from the contract's breach is not settled in Virginia. *Picture Lake Campground, Inc. v. Holiday Inns, Inc.*, 497 F. Supp. 858, 864 (E.D. Va. 1980); *Radosevic*, 651 F. Supp. at 1040. Although the *Radosevic* court ultimately found that its plaintiff could not bring a tort claim as an injured third-party for nonperformance of a contractual duty, applying the six factors balanced by the *Radosevic* court to the facts in this case supports the Smolinskis' claim in Count VI. First, Dorsey knew that the inspection transaction would directly affect the Smolinskis, and the pleadings allege that Paramount also knew this. Second, if the allegations in the pleadings are correct, harm to the Smolinskis was foreseeable by both Dorsey and Paramount. Third, there is a high degree of certainty that the Smolinskis suffered injury from the alleged negligent inspection. Fourth, there is a close connection between the conduct complained of (a negligent termite inspection) and the injury (purchase of a termite-damaged house). Fifth, although there is no great moral blame attributable to Paramount's conduct, this factor does not undermine the Smolinskis' claim either. Finally, preventing future negligent inspections supports the Smolinskis' claim for damages based on Paramount's negligent breach of contract with Dorsey. Based on these six factors and the allegations in the Smolinskis' pleadings, this Court finds that Paramount did have a duty to the Smolinskis. Factually similar cases from other jurisdictions also support imposing third-party tort liability on Paramount. *See Allred v. Dobbs*, 223 F.2d 265 (Ga. App. 1976); *Johnson v. Landing*, 277 S.E.2d 307 (Ga. App. 1981); *Remeikis v. Boss & Phelps, Inc.*, 419 A.2d 986 (D.C. Ct. App. 1980); *see also* Annotation, *Liability of Termite or Other Pest Control or Inspec-*

*tion Contractor for Work or Representations*, 32 A.L.R. 4th 671 (1984), §§ 9-10. Paramount's demurrer to Count VI is therefore denied.