## CIRCUIT COURT OF LOUDOUN COUNTY

Joseph M. Esposito et al.

v.

Conover Septic Tank
Service, Inc., et al.

October 16, 1991

Case No. (Law) 12752

By JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Demurrer of the defendants, Conover Septic Tank Service, Inc. ("Conover Septic") and Helen Conover, personal representative of the Estate of James D. Conover. After consideration of the argument of counsel on October 4, 1991, the Demurrer is sustained in part and overruled in part.

I am of the opinion that the allegations of the Motion for Judgment do allege a cause of action for breach of contract against Conover Septic or Mr. Conover's estate or both. The Sales Contract in paragraph 15 placed an obligation on Mr. Chandler to provide a septic certification. It is a reasonable inference that the contract alleged in Paragraph 5 of the Motion for Judgment is one made pursuant to paragraph 15 of the Sales Contract. These allegations show that the contract with Conover Septic or Mr. Conover or both clearly intended to confer a benefit on the plaintiffs as purchasers under the Sales Contract. *See, Allen v. Lindstrom*, 237 Va. 489 (1989).

The defendants place great emphasis on Exhibit 2 to the Motion for Judgment. It is not evidence of the contract with Conover Septic or Mr. Conover or both. It is a report tendered pursuant to the contract. It is not impossible for such a report to have been tendered. If it was tendered, then it supports the plaintiffs' theory

of breach of contract because it does not comply with the alleged contractual requirements.

The Motion for Judgment alleges that the contract required Conover Septic or Mr. Conover or both to do certain things "in exchange for a fee." Therefore, consideration is alleged.

The Demurrer is overruled as to Count I (Breach of Contract).

In Count 2 (Negligence), the plaintiffs allege that the very same acts which constitute a breach of contract under Count 1 also constitute negligence. *Cf.*, paragraphs 13 and 20 of the Motion for Judgment. This basis for the duty allegedly lies in the providing of "professional services" and a general duty "to the Espositos to provide non-negligent services." This is a common law negligence claim. Therefore, there must be a common law duty on the defendants which they allegedly breached.

Even though the cases of *Radosevic v. Virginia Intermont College*, 651 F. Supp. 1037 (W.D. Va. 1987), and *Picture Lake Campground, Inc. v. Holiday Inns, Inc.*, 497 F. Supp. 858 (E.D. Va. 1980), may imply that a third party beneficiary of a contract may be able to bring a tort claim for injuries resulting from a breach of the contract (Judge Griffith decided that such a claim may be brought, *see Smolinski v. Dorsey*, 20 Va. Cir. 215 (1990)), the Virginia Supreme Court on September 20, 1991, clearly stated in *Foreign Mission Board v. Wade*, 242 Va. 234, 409 S.E.2d 144, 148 (1991), that breach of a contractual duty does not constitute an independent tort or the basis of a negligence claim. Therefore, I am of the opinion that the plaintiffs only have a cause of action in negligence against the defendants if the defendants had a common law duty to the plaintiffs.

It is clearly not alleged that the plaintiffs contracted directly with Conover Septic or Mr. Conover. There are no allegations that either Conover Septic or Mr. Conover knew that the septic certification was required as part of a sale to the plaintiffs. There are no allegations that either Conover Septic or Mr. Conover knew or could have reasonably foreseen that the plaintiffs would be relying on the certification or they would be damaged if it were done improperly. The contract could have been entered into for the benefit of the plaintiffs without Conover Septic

or Mr. Conover ever knowing that it was for their benefit. In simple negligence terms, the allegations of the motion for judgment do not bring the plaintiffs within the realm of foreseeability. Therefore, there is no duty owed to the plaintiffs, and the Demurrer is sustained as to the negligence count.

Let Mr. Stock prepare an order consistent herewith to which either counsel may note his exception. The order shall grant the plaintiffs twenty-one days from the date of this opinion letter in which to file one last amended motion for judgment, if they be so advised. If they do so, then the defendants shall have twenty-one days in which to file responsive pleadings.