## CIRCUIT COURT OF ALBEMARLE COUNTY

Delillian A. Tucker

v.

Metcalf & Associates et al.

October 21, 1991

Case No. (Law) 4723-L

By JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Demurrer filed by defendants, Metcalf & Associates, Davis, Brody and Associates, and Russo & Sonder, P.C., to Counts II and III of the Motion for Judgment. Specifically, defendants' demurrer to Count II asserted that plaintiff was not an intended beneficiary of the architectural services contract in question. As to Count III, defendants say there was no implied or express warranty granted on which plaintiff may recover.

### Statement of Facts

The facts contained in the Motion for Judgment, which are taken as true at this stage of the proceedings as to the demurrer, allege that Delillian A. Tucker, plaintiff, was a business invitee at the University of Virginia on May 14, 1990. She parked her car for a fee at the University of Virginia parking garage located on Lee Street. At approximately 6:30 p.m., Ms. Tucker walked up a short flight of steps in the parking garage to reach her automobile, which was parked on level A of the parking garage. In the opening between the landing and the level of the

parking deck, the architects placed an unmarked six-inch step down. Ms. Tucker suffered a fall due to the defect in the walkway causing her serious injuries.

Under Count II, defendants were the architects who designed the parking garage in question pursuant to a contract with the Rector and Visitors of the University of Virginia. The contract was signed on or about February 29, 1984. Count II alleges that the architects breached their agreement to design and oversee the construction of a parking garage which was reasonably safe for intended use. As a consequence, plaintiff Tucker has claimed to be an intended beneficiary of the contract and defendants are liable for her injuries.

As to Count III, plaintiff alleges that defendant architects impliedly warranted that their design of the parking garage would be reasonably safe for patrons of the garage. Therefore, plaintiff says that defendants are liable for breach of implied warranty because plaintiff Tucker was an intended third-party beneficiary of those warranties.

## Questions Presented

1. Was plaintiff Tucker an intended beneficiary of the contract between the architectural defendants and the Commonwealth of Virginia and the Rector and Board of Visitors of the University of Virginia for which she has standing to sue on the contract?

2. Was there any implied warranty given by the architectural defendants, the breach of which would give plaintiff a cause of action for breach of implied warranty?

## Discussion of Authority

### 1. Third Party Beneficiary of Contract

There are a number of cases in Virginia which bear on third-party beneficiary claims, covering a wide variety of fact situations. These cases make clear the basic principles which should be applied in analyzing such a claim. The party claiming the third-party benefit must show that the parties to the contract "clearly and definitely intended" to confer a benefit upon him, and in thus showing,

demonstrate that the party against whom liability is asserted has assumed an obligation for the benefit of a third party. *Copenhaver v. Rogers*, 238 Va. 361, 367 (1989). This means that a party who benefits only incidentally from a contract between others cannot sue on that contract as a third-party beneficiary. *Id.*

However, though the principles are clear, their application is not. The Court has found three cases which it believes offer the best guidance in the factual situation at hand. Those cases deal with facts of, after the completion of a project or transaction, a user of the resultant facility or product is injured while using the facility or product and sues as a third-party beneficiary on the contract which created the facility or product.

First, in *Obenshain v. Halliday*, 504 F. Supp. 946 (E.D. Va. 1980), the U.S. District Court for the Eastern District of Virginia confronted the question of whether a person injured at an airport could sue as a third-party beneficiary of a contract between the County and the United States of America to maintain the airport.[1] The Court concluded that the contract was not intended to benefit users of the airport, ruling that users were incidental, rather than intended, beneficiaries of the contract between the County and the United States of America. *Id.* at 956.

Second, in *Radosevic v. Virginia Intermont College*, 651 F. Supp. 1037 (W.D. Va. 1987), the U.S. District Court faced a case in which a university student, permanently paralyzed by an unsecured hatch cover, sued as a third-party beneficiary to the contract between the University and an independent company which provided housekeeping services for the university. The Court noted that neither Radosevic nor "the public" was specifically mentioned in the contract for maintenance between the University and the maintenance company, and so Radosevic could not sue as a third-party beneficiary to that contract. *Id.* at 1039.

It should also be noted that one of the reasons given for denying third-party beneficiary status in both *Radosevic* and *Obenshain* was that granting third-party beneficiary status under the facts presented would open the parties

---

[1] More specifically, the FAA provided the County with a grant to help with the building and operation of their airport.

to the contracts in question to an enormous amount of liability. Presumably, this is liability for which the parties in both cases never intended to contract.

However, there is an important caveat to the cases above cited. First, both cases state that Virginia case law requires that the Court examine only the four corners of the contract in question in ascertaining the contracting parties' intent as regards third persons. Both cases cited *Richmond Shopping Center, Inc. v. Wiley N. Jackson Co.*, 220 Va. 135 (1979), for this proposition. However, this Court believes that this is a misreading of *Richmond Shopping Center.*[2] In *Richmond Shopping Center*, the Court looked no further than the four corners of the contract because a clause in the contract made it clear that there were no third-party beneficiaries to the contract. *Id.* at 142. The Court does not state that the four corners of the contract is the only thing which should be considered, and neither does the Court state what approach it would adopt if it did not have such a clear contract clause before it. Indeed, in *McCloskey & Company, Inc. v. Wright*, 363 F. Supp. 223 (1973), which is the third case heretofore mentioned, the U.S. District Court for the Eastern District of Virginia notes that as regards evaluating third-party beneficiary claims: "[T]hat determination depends in turn upon the intent of the primary contracting parties, which may be gleaned either upon the face of the contract *or from extrinsic evidence in that regard.*" *Id.* at 229 (emphasis added).[3]

Thus, the outcome of this case lies in whether the Court can clearly ascertain that the parties to the parking garage contract definitely intended users of the parking garage to be beneficiaries. As *McCloskey, supra,* and the other cases above demonstrate, most of the evidence on this point will probably come from a careful reading of

---

[2] If it is, it is probably only one misreading; Radosevic apparently borrowed the proposition from Obenshain.

[3] The Court cites Graybar Electric Company v. Doley, 273 F.2d 284 (4th Cir. 1959), and N-P. Newspapers v. Stott, 208 Va. 228 (1967), as supporting this proposition. These cases seem to do this more in the way they proceed than in any definitive statement.

the contract. The Court's review of the contract has yielded no language which states or implies that the parties to the contract intended Tucker to be a third-party beneficiary to the contract.

Accordingly, the Court sustains the Demurrer of the defendants as to Count II of the Motion for Judgment.

## 2. *Breach of Warranty*

This claim is covered by the case of *Graveley v. The Providence Partnership*, 549 F.2d 958 (4th Cir. 1977). In that case, the Court of Appeals applied Virginia law in evaluating an implied warranty claim. The Court *held* first that under Virginia law, in the absence of evidence that the architect has held himself out as specifically qualified for a certain job or has made an express warranty of expertness, implied warranty of expertness will not be created. *Id.* at 949-960, citing *Surf Realty Corp. v. Standing*, 195 Va. 431 (1953). Second, the Court *held* that even if there were a warranty of expertness, it would not run to the public generally because there was no privity of contract between the architect and the public. *Graveley*, 549 F.2d at 960. The Court notes that the prerequisite of privity has been relaxed with some regard to some actions in Virginia but specifically finds that as regards architects, there must be privity of contract in order to maintain a warranty action.

In the case at bar, plaintiff Tucker has not pleaded that the architect held himself out as specifically qualified for this job or that the architect made any express warranties as to the parking garage. Tucker relies instead on a theory of implied warranty. Under *Graveley, supra*, this theory must fail both because an implied warranty will not be created in this context and because even if there were such a warranty, Tucker would not be a party to it.

Accordingly, the Demurrer as to Count III is sustained.